Submitted January 29, reversed and remanded with instructions to merge
burglary convictions and for resentencing; otherwise affirmed February 25,
petition for review denied July 9, 2009 (346 Or 364)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## SILVERIO LOPEZ-LORENZO,
aka Elias Perres Salgado,
aka Salome Rio-Roman,
*Defendant-Appellant.*

Washington County Circuit Court
C062184CR; A135188

203 P3d 299

Peter Gartlan, Chief Defender, and Stephanie Hortsch,
Deputy Public Defender, Legal Services Division, Office of
Public Defense Services, filed the brief for appellant.

Silverio Lopez-Lorenzo filed the supplemental brief
*pro se*.

Hardy Myers, Attorney General, Mary H. Williams,
Solicitor General, and Erin C. Lagesen, Assistant Attorney
General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Rosenblum, Judge,
and Deits, Judge pro tempore.

PER CURIAM

## PER CURIAM

Defendant appeals his convictions on three counts of first-degree burglary, ORS 164.225, arguing that the trial court erred in denying his motion for judgment of acquittal and, alternatively, erred in failing to merge the three convictions. In a *pro se* supplemental brief, defendant argues that the trial court erroneously determined the length of his sentence. We reject without discussion defendant's arguments concerning his motion for judgment of acquittal and the length of his sentence. Regarding merger of the convictions, the state concedes that the trial court erred. As explained below, we agree, and, consequently, remand for merger of the convictions and for resentencing.

Defendant was charged, in three separate counts, with burglary. Each count alleged a different theory for the same unlawful entry into a dwelling. The parties agreed at sentencing that, under *State v. White*, 341 Or 624, 147 P3d 313 (2006), the convictions should merge. However, the judgment indicated that the three counts "shall merge for sentencing purposes." Thus, the trial court did not merge the convictions themselves but, instead, only ordered that the sentences on those convictions run concurrently.

On appeal, defendant reiterates that, under *White*, the convictions must merge. We agree that *White* is directly on point. *See id.* at 640-41 ("[W]e conclude that, although defendant properly was charged with and even found guilty of two counts of first-degree burglary, each of which alleged a different crime that defendant intended to commit at the time of his unlawful entry, the trial court could not enter two judgments of convictions based on those verdicts.").

Reversed and remanded with instructions to merge burglary convictions and for resentencing; otherwise affirmed.